Citation Nr: 1536789 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 08-15 944 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUE

Entitlement to an initial disability rating greater than 10 percent for service-connected osteochondritis of the lateral femoral condyle of the right knee, based on range of motion.


REPRESENTATION

Appellant represented by: California Department of Veterans Affairs


ATTORNEY FOR THE BOARD

W. R. Stephens, Associate Counsel





INTRODUCTION

The Veteran served on active duty from January 1992 to January 1996 and from April 2000 to July 2000.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2007 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO), in Oakland, California, that, in pertinent part, granted service connection for osteochondritis of the lateral femoral condyle of the right knee, based on range of motion, and assigned an initial 10 percent disability rating. This has since been increased to a 20 percent evaluation, effective April 2014.

In his May 2008 Form 9 Substantive Appeal, the Veteran indicated that he wished to be scheduled to appear at a Board hearing. However, in July 2012, he notified the agency of original jurisdiction that he no longer wished to be scheduled for a hearing. As such, the hearing request is deemed withdrawn.

This matter was previously remanded by the Board in September 2014 for further evidentiary development, specifically, a VA examination.

The Veteran's claims file has been converted into a paperless claims file via the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. All records in such files have been considered by the Board in adjudicating this matter.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the Board's September 2014 Remand, it found that remand was necessary for a new VA examination, noting that the United States Court of Appeals for Veterans Claims (Court) has repeatedly held that examinations provided to evaluate the extent of a Veteran's functional loss of the musculoskeletal system under rating codes based on limitation of motion must determine whether any pain found to be present could significantly limit functional ability during flare-ups or upon repetitive motion. Mitchell v. Shinseki, 25 Vet. App. 32, 44 (2011); see 38 C.F.R. § 4.40 (2014); DeLuca v. Brown, 8 Vet. App. 202, 205-6 (1995). These determinations, should, if feasible, be portrayed in terms of the additional range-of-motion loss due to pain on use or flare-ups. Id. Where this information is not provided in the examination report, or the report does not include an explanation for why this information could not feasibly be provided, the examination report is inadequate for rating purposes. Mitchell, 25 Vet. App. at 44.

Accordingly, the Veteran was scheduled for and attended a February 2015 examination. Unfortunately, the February 2015 VA examiner failed to document where pain started upon range of motion testing and did not adequately discuss whether any functional loss was attributable to pain during flare-ups. Instead, the examiner stated that he was unable to determine if pain, weakness, fatigability or incoordination significantly limit functional ability with repeated use over a period of time without resort to mere speculation, explaining that "limitations do not follow dose response curve." The Board finds this explanation to be inadequate as to why the examiner could not provide the request opinion. As the examiner did not comply with the Board's remand directives, remand is necessary for a new examination. See Stegall v. West, 11 Vet. App. 268 (1998). When medical evidence is inadequate, VA must supplement the record by seeking an advisory opinion. Colvin v. Derwinski, 1 Vet. App. 171 (1991); Hatlestad v. Derwinski, 3 Vet. App. 213 (1992); see also Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (once VA provides an examination to a Veteran, VA has a duty to ensure that the examination is adequate for evaluation purposes); Hicks v. Brown, 8 Vet. App. 417, 422 (1995) (inadequate medical evaluation frustrates judicial review).

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he identify any additional medical treatment he has received for his claims on appeal. Take appropriate steps to secure copies of any such treatment reports identified by the Veteran which are not in the record on appeal, to include updated VA treatment records. Efforts to obtain these records should also be memorialized in the Veteran's VA claims folder.

2. Upon completion of the above development, schedule the Veteran for a VA examination with an examiner of appropriate expertise to assess the current severity of his service-connected right knee. The examiner must obtain a complete, pertinent history from the Veteran and review the claims file in conjunction with the examination. The claims folder must be made available for review in conjunction with the opinion.

All indicated tests and diagnostics should be performed, and the results of such tests and diagnostics should be incorporated into the examination report.

The examiner should identify all currently present right knee symptoms, and their severity. The results of range of motion testing should be reported. In doing so, the examiner should note at what point objective evidence of pain begins.

The examiner should also express an opinion concerning whether there would be additional limits on functional ability on repeated use or during flare-ups (if the Veteran describes flare-ups), and, to the extent possible, provide an assessment of the functional impairment on repeated use or during flare-ups. If feasible, the examiner should assess the additional functional impairment on repeated use or during flare-ups in terms of the degree of additional range of motion loss. The examiner should also specifically report at what point any pain begins, and at what point any pain causes any functional impairment, or whether there is any additional range of motion loss due to excess fatigability, incoordination, or flare-ups.

A discussion of the complete rationale for all opinions expressed should be included in the examination report, to include reference to pertinent evidence where appropriate.

3. Any VA opinions obtained as a result of this examination should be reviewed to ensure complete compliance with the directives of this remand. If the report is deficient in any manner, it should be returned to the reviewing personnel. See Stegall v. West, 11 Vet. App. 268 (1998).
 
4. After undertaking any other development deemed appropriate, the RO will readjudicate the issues on appeal. If the benefits sought are not granted, the Veteran and his representative should be furnished with a supplemental statement of the case and afforded an opportunity to respond before the record is returned to the Board for further review. Only if the Veteran an appeal is perfected should the issue of entitlement to a higher rating for depression be certified to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).